UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED
SEP 30 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 13-10015 |
| Plaintiff, | \* | |
| -vs- | \* | OPINION AND ORDER ADOPTING |
| | \* | REPORT AND RECOMMENDATION |
| DAVID RED THUNDER, RONALD DUMARCE, DARRELL WHITE, and EDWARD RED OWL, | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants are charged with conspiracy to commit theft from an Indian tribal organization, theft from an Indian tribal organization, and aiding and abetting. They have each moved to dismiss the indictment, contending that the indictment fails to allege that the entity they are alleged to have stolen from is an Indian tribal organization. Magistrate Gerdes issued his report and recommendation on August 1, 2013, recommending that the motions be denied. The government filed a superseding indictment on August 13, 2013. Defendants each filed objections and requested this Court delay ruling on their objections until their motions to dismiss the superseding indictment are ripe for decision. Neither defendant has filed a motion to dismiss the superseding indictment.

The Court has conducted a *de novo* review of the record. Defendants contend that the indictment did not allege that the funds stolen belonged to an Indian tribal organization at the time of the alleged offense.

The indictment and the superseding indictment[1] allege that the money in question was "moneys, funds, credits, goods, assets, and other property belonging to the Sisseton-Wahpeton Oyate Sioux Tribe, an Indian tribal organization, and entrusted to the custody and care of an officer, employee, and agent of an Indian tribal organization." The indictment and superseding indictment do specifically allege the moneys in question belonged to an Indian tribal organization.

Defendants contend that the moneys in question did not in fact belong to an Indian tribal organization. The indictment alleges that the Sisseton-Wahpeton Housing Authority is an Indian tribal organization. It was established by the Sisseton-Wahpeton Oyate Sioux Tribe ("Tribe"). United States v. State of South Dakota, 665 F.2d 837, 839 (8th Cir. 1981). The indictment also alleges that the Lake Traverse District ("District") is a subdivision of the Tribe, that the Lake Traverse Economic Development Corporation ("LTEDC") is a business entity established by the District, and that the Lake Traverse Aid Incorporation ("LTAI") is an entity established by the LTEDC. The defendants are alleged to have stolen money paid by the Housing Authority to LTAI and deposited into the LTAI bank account.

18 U.S.C. § 1163 proscribes:

> Whoever embezzles, steals, knowingly converts to his use or the use of another, willfully misapplies, or willfully permits to be misapplied, any of the moneys, funds, credits, goods, assets, or other property belonging to any Indian tribal organization or intrusted to the custody or care of any officer, employee, or agent of an Indian tribal organization; or
>
> Whoever, knowing any such moneys, funds, credits, goods, assets, or other property to have been so embezzled, stolen, converted, misapplied or permitted to be misapplied, receives, conceals, or

---

[1] The superseding indictment merely added to both counts the additional allegations that defendants did "willfully misapply, and willfully permit to be misapplied" the monies belonging to an Indian tribal organization.

2

> retains the same with intent to convert it to his use or the use of another--
>
> Shall be fined under this title, or imprisoned not more than five years, or both; but if the value of such property does not exceed the sum of $1,000, he shall be fined under this title, or imprisoned not more than one year, or both.
>
> As used in this section, the term "Indian tribal organization" means any tribe, band, or community of Indians which is subject to the laws of the United States relating to Indian affairs or any corporation, association, or group which is organized under any of such laws.

Whether the LTAI is an Indian tribal organization is a question for the jury to decide. United States v. Pemberton, 121 F.3d 1157, 1169 (8th Cir. 1997).

The Eighth Circuit in Zephier set forth "two essential ingredients to the Indian tribal organization element as applied to state law corporations." United States v. Zephier, 916 F.2d at 1372.

> First, Indian tribes, and not some other group, must possess de facto control over the corporation. This requirement can be satisfied with proof, including, but not limited to, evidence that one or more Indian tribes (1) play a vital role in the establishment and continuity of the corporation; (2) exercise direct or indirect control over the corporation's operations; (3) select the members for the corporation; and (4) are the intended beneficiaries of the corporation's services. Secondly, the entity must be patterned after or deliberately have conformed its operations to federal laws for Indian affairs.

*Id.* The Eighth Circuit observed that:

> The principal objective of the proposed bill is to protect Indian tribal organizations, especially those created pursuant to the Indian Reorganization Act of June 18, 1934 (48 Stat. 984), from the actions of dishonest or corrupt tribal officials. It provides for the punishment of persons holding positions of trust in tribal organizations who abuse their responsibilities by diverting tribal funds to their own pockets or those of their friends . . . .

*Id.*

The indictment sufficiently alleges that the defendants stole monies belonging to an Indian tribal organization. Whether they did so, and whether they did so from an Indian Tribal organization are questions for the jury.

Now, therefore,

IT IS ORDERED:

1. The defendants' objections, Docs. 78, 80, 81, and 82, to the magistrate's report and recommendation are overruled.

2. The report and recommendation, Doc. 61 is adopted.

3. The motions, Docs. 48, 49, 52, and 55, to dismiss the indictment are denied.

Dated this 27th day of September, 2013.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)